IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NATHANIEL KIBBY,<br><br>Plaintiff,<br><br>vs.<br><br>SALMONSEN, ET AL.,<br><br>Defendants. | CV 26-46-H-DWM<br><br><br>ORDER |

Plaintiff Nathanial Kibby has moved for a preliminary injunction. (Docs. 3 and 7.) Kibby's request does not relate to the merits of the case but to his concern for the preservation of evidence, so his motion is construed as a motion for a preservation order. Kibby asserts that he has notified Defendants of his lawsuit and advised them of their obligation to preserve related evidence, in particular, videotape evidence. (Doc. 3.)

Once a complaint is filed, parties to a lawsuit have a duty to preserve evidence that is relevant or could reasonably lead to the discovery of admissible evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). "There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in

1

response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery." *Id.,* at 958 (internal citation omitted). Federal courts have the power to issue preservation orders as part of their inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Pueblo of Laguna v. United States,* 60 Fed. Cl. 133, 135–36 (2004) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, (1962)). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991).

The parties are obliged to preserve the relevant evidence they possess. Kibby's Complaint has not yet been screened pursuant to 28 U.S.C. § 1915. However, Defendants are on notice of Kibby's claims and have an obligation to preserve whatever relevant evidence they may have, until this litigation concludes. Should they fail to do so, Kibby may move for whatever remedies may be available to him.

Accordingly, IT IS HEREBY ORDERED:

1. Kibby's motions, construed as motions for a preservation order, are GRANTED.  (Doc. 3 and 7.) Defendants must preserve whatever evidence they may have related to the above litigation.

2. Kibby must immediately notify the Court of any change in his mailing

2

address by filing a "Notice of Change of Address."  Failure to do so may result in

dismissal of this action without notice to him.

DATED this ___ day of July, 2026.

_____
Donald W. Molloy
United States District Judge

3